DJW/bh

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**WILLIAMS D. OWENS, III,**

                **Plaintiff,**

                               **CIVIL ACTION**

**v.**

                               **No. 04-3178-KHV-DJW**

**KATHLEEN SEBELIUS, et al.,**

                **Defendants.**

## **MEMORANDUM AND ORDER**

This matter is before the Court on Defendants' Motion to Stay Discovery and All Pretrial Proceedings (doc. 18). The Court will grant the Motion and will stay all discovery and pretrial proceedings until the Court has ruled on the pending motion to dismiss filed by Defendants (doc. 14).

The Court finds that a stay is appropriate here under the factors set forth in *Wolf v. United States.*[1] *Wolf* held that it is appropriate for a court to stay discovery until a pending motion is decided "where the case is likely to be finally concluded as a result of the ruling thereon; where the facts sought through uncompleted discovery would not affect the resolution of the motion; or where discovery on all issues of the broad complaint would be wasteful and burdensome."[2]

---

[1] 157 F.R.D. 494, 495 (D. Kan. 1994)

[2] *Id.* (citing *Kutilek v. Gannon*, 132 F.R.D. 296, 297-98 (D. Kan. 1990)).

The Court also finds a stay to be appropriate given that Defendants' motion to dismiss raises issues as to Eleventh Amendment and qualified immunity. Generally speaking, defendants are entitled to have questions of immunity resolved before being required to engage in discovery and other pretrial proceedings.[3] "One of the purposes of immunity . . . is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit."[4] The Supreme Court has made it clear that until the threshold question of immunity is resolved, discovery should not be allowed.[5]

For the reasons cited above, the Court will grant Defendants' Motion to Stay Discovery and Pretrial Proceedings (doc. 18) and will stay all pretrial and Rule 26 proceedings, including the planning conference, the telephone scheduling conference presently set for February 22, 2005, and all discovery, until the Court has ruled on Defendants' pending motion to dismiss (doc. 14).

IT IS SO ORDERED.

Dated in Kansas City, Kansas on this 18th day of January, 2005.

s/ David J. Waxse
David J. Waxse
U.S. Magistrate Judge

cc:   All counsel and pro se parties

---

[3] *Siegert v. Gilley*, 500 U.S. 226, 232-33, 111 S.Ct. 1789, 1793, 114 L.Ed.2d 277 (1991).

[4] *Id.*, 500 U.S. at 232.

[5] *Id.* at 233; *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed. 2d 396 (1982)).